UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DONALD FRED HOBBS, | § | |
| (TDCJ #691219) | § | |
|     Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-09-226 |
| | § | |
| RICK THALER, | § | |
| | § | |
|     Respondent. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Petitioner Donald Fred Hobbs, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket No. 1) under 28 U.S.C. § 2254, challenging his unjust term of confinement. On October 21, 2009, Hobbs was ordered to show cause, if any, why this court should not dismiss his application as time-barred under 28 U.S.C. § 2244(d). In response to the court's order, Hobbs filed a motion to show cause why his application should not be time-barred (Docket No. 8), reiterating allegations made in his petition. The Court has carefully reviewed Hobbs' response to the show cause order and finds it to be without merit. For the reasons explained below, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by limitations.

### I.    Procedural History

On September 21, 1994, Hobbs pled guilty to two counts of the felony offense of burglary of a vehicle in the 56th District Court of Galveston County, Texas. He was sentenced

to twenty years imprisonment. Hobbs does not state whether he filed a direct appeal or a state habeas application for any claim related to his 1994 conviction. On September 26, 2003, Hobbs was released from TDCJ custody on mandatory supervision. (Docket No. 8, p. 24). Hobbs returned to TDCJ custody on May 24, 2006, in violation of mandatory supervision. *Id*. Hobbs did not file a direct appeal. He filed an application for a state writ of habeas corpus on March 19, 2007; the writ was denied by the Texas Court of Criminal Appeals on May 16, 2007. He filed a federal application for habeas relief on June 26, 2007 (CA G-07cv334), but moved for voluntary dismissal of the case on September 6, 2007, so that he could "resolve some state issues first." In the order of dismissal entered on October 23, 2007, Hobbs was admonished that pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court was in effect. (CA G-07cv334, Docket Nos.12 & 14). Hobbs filed the pending federal habeas action in this court on September 21, 2009.

Petitioner seeks federal habeas relief on the following grounds:

1. His twenty year-sentence was calculated from June 23, 1994 instead of June 6, 1994;

2. On May 24, 2006, his twenty-year sentence was illegally increased by "more than" 2 ½ years.

(Docket Entry No. 8, pp. 2-3)

## II. One-Year Statute of Limitations

The petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1)-(2), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment

        of a State court.  The limitation period shall run from the latest of --

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  Because Hobbs' petition was filed well after that date, the one-year limitations period applies to his claims.  *See Flanagan*, 154 F.3d at 198.

        Although the statute of limitations is an affirmative defense, courts are authorized to raise such defenses *sua sponte* in habeas actions.  *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).  The court may therefore properly determine at the outset whether Hobbs' petition is timely.

The statutory provision set forth in subsection (A) governs when the limitations period in this case began to run, i.e., the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. *See id.* § 2244(d)(1)(A). Hobbs states that he learned his sentence had allegedly been lengthened on May 24, 2006. The limitations period for filing a federal habeas petition began to run on that date, and expired one year later on June 25, 2007, absent any applicable tolling. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998).

A properly filed application for state post-conviction relief tolls limitations. 28 U.S.C. § 2244(d)(2)(West 1997). Hobbs filed a state habeas application on March 19, 2007; the petition was dismissed by the Texas Court of Criminal Appeals on May 16, 2007, tolling the limitation period for fifty-eight (58) days. The limitations period for filing a federal habeas petition expired on August 22, 2007; thus, Hobbs' petition, filed on September 21, 2009, is untimely.

Hobbs has not shown any reason for the delay of over three years between the time he learned of the factual basis of his claim, in May 2006, and the time that he filed his federal habeas corpus petition raising the issue, in September 2009. There is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. 28 U.S.C. § 2244(d)(1)(C),(D). The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998). In order to qualify for such equitable tolling, the petition must present "rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). In this case, Hobbs has not shown any valid basis upon which to equitably toll the statute of limitations. The Fifth Circuit has explained that equitable tolling is not intended for those who "sleep on their

rights."  *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).  Although Hobbs is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition.  *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).  Accordingly, the court finds that Hobbs' federal petition is barred by the AEDPA's one-year limitation period.  This action will therefore be dismissed.

### III.    Conclusion

It is **ORDERED** that Hobbs' petition for writ of habeas corpus (Docket No. 1) is **DENIED** and this case is **DISMISSED** with prejudice as time-barred under the provisions of 28 U.S.C. § 2244(d).  Any remaining pending motions are denied as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability ("COA") before he can appeal the district court's decision.  28 U.S.C. § 2253(c)(1).  This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As the Supreme Court made clear in its decision in *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued, federal courts of appeals lack jurisdiction to rule on the merits of appeals from the habeas petitioners."  When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate."  *Id.* at 325.

Because Hobbs has not made the necessary showing, this court will not issue a COA.

SIGNED at Houston, Texas this 14th day of January, 2010.

_____
Kenneth M. Hoyt
United States District Judge